UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TL CONSTRUCTION MANAGEMENT, LLC,

        Plaintiff,

     v.                                    Case No. 19-C-1077

CITY OF GREEN BAY,

        Defendant.

---

## DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATON

---

Plaintiff TL Construction Management, LLC, brought this action alleging Defendant City of Green Bay violated its First and Fourteenth Amendment rights by enforcing ordinances against Plaintiff without any rational basis. On October 15, 2020, the court granted the City's motion for a protective order seeking to quash Plaintiff's Federal Rule of Civil Procedure 30(b)(6) deposition notice relating to certain topics. Those topics include (1) how and when alleged housing code violations at TL Construction, LLC's properties came to the City's attention; (2) who made the decision to cite TL Construction, LLC for housing code violations, and why; and (3) communications between anyone in the mayor's office and anyone responsible for enforcing the housing code regarding Troy Lasecki or TL Construction, LLC. Dkt. No. 22-4, ¶¶ 4–6. This matter comes before the court on Plaintiff's motion for reconsideration of the protective order. Plaintiff requests that the court permit it to depose the City on the topics identified in its Rule 30(b)(6) deposition notice and to file its response to the City's pending motion for summary judgment within seven days of receiving the transcript of that deposition. For the following reasons, Plaintiff's motion will be denied.

Under Federal Rule of Civil Procedure 54(b), "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "A court has the power to revisit prior decisions of its own . . . in . . . circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)). The court finds that reconsideration of its October 15, 2020 decision is not warranted.

Rule 30(b)(6) permits a party to name as a deponent "a public or private corporation, a partnership, an association, a governmental agency, or other entity." Fed. R. Civ. P. 30(b)(6). The rule further requires the named organization to designate an agent to testify on the organization's behalf. The "persons designated [by the given organization] must testify about information known or reasonably available to the organization." *Id.* Rule 30(b)(6) serves several purposes: it reduces the difficulties encountered in determining, prior to the taking of a deposition, whether a particular employee or agent is a "managing agent;" it curbs the "bandying" by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization; and it assists organizations which find that an unnecessarily large number of their officers and agents are being deposed by a party uncertain of who in the organization has knowledge. Advisory Committee Notes on Rule 30(b)(6).

The scope of Rule 30(b)(6) is limited by Rule 26 which allows a court, upon a showing of good cause, to enter a protective order to protect a party from "annoyance, embarrassment,

2

Case 1:19-cv-01077-WCG   Filed 12/28/20   Page 2 of 4   Document 42

oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). Rule 26 also requires that the court limit the frequency or extent of discovery if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

Plaintiff asserts that the topics contained in its deposition notice are proper topics for a Rule 30(b)(6) deposition. It argues that the use of a Rule 30(b)(6) witness to testify to these topics would be more efficient than deposing nine individuals. Plaintiff also maintains that it prefers a Rule 30(b)(6) deposition because it would obligate "the City to prepare whomever it designated, by refreshing the witness' memory as to information contained in the City's records or known to other people employed by the City . . . and it would have meant that the designated witness spoke on behalf of the City, not just on behalf of himself." Dkt. No. 39 at 4. While Plaintiff could depose a Rule 30(b)(6) witness on general institutional knowledge, discovery of the specific facts surrounding the events identified in Plaintiff's notice is not the type of information that Rule 30(b)(6) is intended to address. Rule 30(b)(6) notices are used to obtain "information known or reasonably available to the organization," not the personal knowledge of easily identified individuals. Fed. R. Civ. P. 30(b)(6).

Plaintiff's Rule 30(b)(6) deposition notice seeks to take an institutional deposition regarding facts that are within the subjective personal knowledge and recollection of specific

witnesses. Plaintiff essentially asks that the City be ordered to conduct the discovery Plaintiff needs to prove its case by requiring a city official to interview each individual involved, including the City's former mayor, his staff, the City's inspectors, and each municipal employee who issued Plaintiff a citation, to determine whether there is evidence to support Plaintiff's claim that the citations were politically motivated. If Plaintiff's allegations are true, the conduct engaged in by the former mayor and municipal employees was clearly improper and not done on behalf of or for the benefit of the City. By its very nature, this is not information that is known or reasonably available to the City. In sum, Plaintiff is asking the court to order the City to undertake the investigation that it believes will support its claims. Rule 30(b)(6) does not require the organization to be pressed into the role of a private investigator for the plaintiff.

Under these circumstances, a Rule 30(b)(6) deposition is not the appropriate discovery tool for these topics. The discovery sought could have been obtained from some other source that is more convenient and less burdensome. The City disclosed the name of every witness likely to have discoverable information that may be used to support any claim or defense, and those individuals are in a better position to testify about their specific actions and conduct. Fed. R. Civ. P. 26(a)(1)(A). Plaintiff has had ample opportunity to obtain the information through discovery in the action. Accordingly, Plaintiff's motion for reconsideration (Dkt. No. 39) is **DENIED**. Plaintiff's brief in opposition to the City's motion for summary judgment is due fourteen days from the date of this order. The City's reply brief is due fourteen days after service of the response brief.

**SO ORDERED** at Green Bay, Wisconsin this 28th day of December, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge