UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

___

TL CONSTRUCTION MANAGEMENT, LLC,

      Plaintiff,

      v.                              Case No. 19-C-1077

CITY OF GREEN BAY,

      Defendant.

___

## DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

___

Plaintiff TL Construction Management, LLC, filed this action against Defendant City of Green Bay, asserting that the City violated its First and Fourteenth Amendment rights by enforcing ordinances against it without any rational basis. TL Construction alleges that the City's issuance of citations against it was politically motivated, as TL Construction only began to receive unreasonable citations after one of its members supported Mayor Jim Schmitt's opponent in the 2015 primary election. The City filed a motion for summary judgment on November 2, 2020. On December 16, 2020, TL Construction filed a motion for reconsideration of the Court's October 15, 2020 order granting the City's motion for a protective order. The Court denied TL Construction's motion for reconsideration on December 28, 2020, and directed TL Construction to file a response to the City's motion for summary judgment by January 11, 2021. To date, TL Construction has not filed a response to the motion for summary judgment and has not requested an extension of time to do so. The local rules of this district provide that the failure to file a brief in opposition to a motion is sufficient grounds to grant the motion. Civil L.R. 7(d) (E.D. Wis.). TL Construction's failure to respond to the motion or explain why it has been prevented from doing so is grounds to

grant the motion. For this reason, and also because it is clear on the record before the Court that the City is entitled to judgment as a matter of law, the motion for summary judgment will be granted and the case will be dismissed.

## BACKGROUND

Because TL Construction did not respond to the motion for summary judgment, the City's proposed findings of fact are deemed admitted for the purposes of summary judgment. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); Civil L.R. 56(b)(4) ("The Court will deem uncontroverted statements of material fact admitted solely for the purpose of deciding summary judgment."). TL Construction is a limited liability company organized under Wisconsin law and has been in existence since about 1999 or 2000. Its only members are Troy Lasecki and his wife, and it has no employees or officers. TL Construction was in delinquent status from July 1, 2019, through October 15, 2019.

Beginning in 2007, the City of Green Bay implemented a Conversion Grant Program. Under the Conversion Grant Program, property owners were eligible for up to $10,000 in grant funds to restore multi-family properties to their original single-family use. During the life of the Conversion Grant Program, which ran from 2007 until 2019, approximately 30 to 40 grants were issued to qualifying applicants. Four grants were issued to Mr. Lasecki regarding properties owned by TL Construction and located within the City at 873 9th Street, 1209 Stuart Street, 1326 Cass Street, and 1338 Cass Street.

The Conversion Grant Program was promoted in a variety of ways, including email notifications to various agencies in the area, disbursements of brochures about the Conversion Grant Program, and the inclusion of information regarding the Program on the City's website. Though the Mayor's Office generally supported the Conversion Grant Program and may have

2

promoted it to some extent, the Mayor's Office did not have an active role in implementing it and did not participate in the decision-making process with respect to individual applications.

Mr. Lasecki was encouraged to buy property in the City by individuals not associated with the City, and TL Construction purchased multiple properties between late-2007 and early-2009. The properties it purchased were distressed and some were blighted, and the renovation of the properties took longer than Mr. Lasecki anticipated. Although TL Construction intended to renovate the properties and sell them at a profit, it was unable to sell the properties at a profit as a result of the 2008 recession and has been renting out the properties, including the properties at issue in this case.

Mr. Lasecki and TL Construction have received multiple citations from the City for Municipal Code violations. Citations were issued to twenty properties owned by TL Construction or Mr. Lasecki for code violations regarding exterior doors; basement stairs without handrails; obstructed exits; failure to maintain a stoop; failure to install an overhead garage door; failure to maintain front and rear porches, stairs, rails, and decks; failure to repair a squirrel hole in a porch roof; failure to maintain a garage; failure to maintain a garage roof; failure to maintain a roof covering; failure to replace deteriorated shingles; failure to replace worn roof coverings; failure to maintain ductwork; failure to maintain soffits and fascia; failure to install or maintain gutters and downspouts; failure to provide downspout extension to divert storm water away from exits and foundation; and failure to exclude squirrels from fascia or soffit.

TL Construction does not claim that the citations were invalid. Instead, it alleges that Mayor Schmitt directed that the City's Municipal Code be enforced unreasonably as to TL Construction's properties after Mr. Lasecki supported David VanderLeest as mayor in the 2015 primary election. TL Construction asserts that the City's code enforcement was unreasonable because the condition of the properties posed no health, safety, or aesthetic concerns and that the

3

City should have talked to Mr. Lasecki about correcting the violations rather than issuing fines. Although Mr. Lasecki agrees that he was obligated to perform the work necessary to correct the code violations, he complains that, because the City's code enforcement required that he perform the repairs on an expedited basis, he could not hire subcontractors to perform the repairs at a discount. He also asserts that the reinspection fees assessed by the City were unfair.

TL Construction alleges that Mayor Schmitt directed that the City's Municipal Code be enforced unreasonably as to TL Construction's properties. But it offers no evidence to support its claim. The City's process for handling complaints and violations of the City of Green Bay Municipal Code is established in various provisions of the Municipal Code and the Wisconsin Statutes. The City's inspectors were not instructed to provide different treatment to Mr. Lasecki or TL Construction's properties or to other properties purchased under the Conversion Grant Program and enforced the City's Municipal Code based on the particular facts of each case. Mayor Schmitt was not personally involved in directing Municipal Code efforts or policy generally or as to specific properties or property owners and did not direct anyone, including building inspectors or their supervisors, to target Mr. Lasecki or TL Construction.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and make all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010)

(citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

TL Construction asserts a class-of-one equal protection claim and a retaliation claim against the City. "The classic class-of-one claim is illustrated when a public official with no conceivable basis for his action other than spite or some other improper motive comes down hard on a hapless private citizen." *Frederickson v. Landeros*, 943 F.3d 1054, 1060 (7th Cir. 2019) (quoting *Swanson v. City of Chetek*, 719 F.3d 780, 784 (7th Cir. 2013) (internal quotation marks and alterations omitted). To prevail on a class-of-one equal protection claim, "a plaintiff must present evidence that a government official treated [it] differently from other similarly situated individuals and that there was no rational basis for the treatment." *Lerch v. City of Green Bay*, 218 F. App'x 502, 504 (7th Cir. 2007) (citing *RJB Properties, Inc. v. Bd. of Educ. of the City of Chicago*, 468 F.3d 1005, 1009–10 (7th Cir. 2006)). In this case, TL Construction has failed to identify any property owners who are similarly situated to it and were treated better and has not established that the City lacked a rational basis for issuing the citations. *See Miller v. City of Monona*, 784 F.3d 1113, 1121 (7th Cir. 2015). It is conceivable that the City had a rational basis for issuing citations against TL Construction's properties because those properties did not comply with the Municipal Code. Indeed, TL Construction does not claim that the citations were invalid; it only disagrees with the time in which it was required to correct the violations and the fines associated with the citations. TL Construction has the burden to "eliminate any reasonably conceivable state of facts that could provide a rational basis for the classification." *D.B. ex rel.*

5

*Kurtis B. v. Kopp*, 725 F.3d 681, 686 (7th Cir. 2013) (citations omitted). It has not met its burden here. Accordingly, the City is entitled to summary judgment on TL Construction's equal protection claim.

TL Construction also asserts that the City retaliated against it after Mr. Lasecki supported Mayor Schmitt's opponent in the 2015 election. "An act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution." *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020). To succeed on a retaliation claim, the plaintiff must establish that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014) (citations omitted)). TL Construction has presented no evidence that Mr. Lasecki's support for David VanderLeest caused a change in the City's enforcement of Municipal Code violations against TL Construction. The record in this case shows that the City consistently enforced its Municipal Code in response to complaints it received and based on the particular facts of each instance. Therefore, the City is entitled to summary judgment on TL Construction's retaliation claim.

## CONCLUSION

For these reasons, the City's motion for summary judgment (Dkt. No. 25) is **GRANTED**. This case is dismissed. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 27th day of January, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge